

# THE ATTORNEY GENERAL

# OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

November 29, 1960

Mr. Richard E. Rudeloff
County Attorney
Bee County
Beeville, Texas

Opinion No. WW-966

Re: Whether a vacancy on the
Board of Trustees of the
Skidmore-Tynan Rural High
School District should be
filled in accordance with
the provisions of Article
2922e, Vernon's Civil
Statutes, or the provisions
of Article 2774a, Vernon's
Civil Statutes?

Dear Mr. Rudeloff:

By letter you recently requested the opinion of this
office on the following question:

"Is a vacancy on the Board of Trustees
of the Skidmore-Tynan Rural High School Dis-
trict No. 36 to be filled in accordance with
the provisions of Article 2922e, Texas Revis-
ed Civil Statutes (i.e., by the county board
of trustees), or by provisions of Article
2774a, Sec. 4, Texas Revised Civil Statutes
(i.e., by the remaining members of the school
board of trustees)?"

In your letter you pointed out that the Skidmore-Tynan
Rural High School District No. 36 was formed in 1946 by the
consolidation of Skidmore Rural High School and an adjoin-
ing Independent School District under the authority of Arti-
cle 2922a, Vernon's Texas Civil Statutes, and that such
school district is now, and has been since said consolidation,
operating under the statutes applicable to rural high school
districts. You further adivsed that a vacancy has occurred
on the Board of Trustees of such rural school district.

The opinion, expressed in your letter, that the remaining
members of the Board of Trustees of the rural school district
in question should fill such vacancy is correct.

Section 4 of Article 2774a, Vernon's Texas Civil Statutes, reads in part as follows:

"The control and management of the schools of a rural high school district, established under the provisions of this Act, shall be vested in a board of seven trustees, elected by the qualified voters of the said district at large, who shall be elected and serve in accordance with the provisions of general law relative to common school districts except as may be otherwise provided herein; . . . Those elected at the first election shall determine by lot the term for which they are to serve. . . .; and regularly thereafter on the first Saturday in April of each year three trustees or two trustees shall be elected for a term of three years to succeed the trustees whose term shall at that time expire. The members of the board remaining after a vacancy shall fill the same for the unexpired term." (Emphasis added)

Article 2922e, Vernon's Texas Civil Statutes, reads in part as follows:

"The control and management of the schools of a rural high school district, established under the provisions of this Act, shall be vested in a board of seven trustees, elected by the qualified voters of the said district at large, who shall be elected and serve in accordance with the provisions of General Law relative to common school districts, except as may be otherwise provided herein; . . . Any vacancy shall be filled for the unexpired term by appointment by the county board of trustees. . . ." (Emphasis added)

It is apparent that the quoted provisions of said statutes deal with the same subject matter, and it is equally apparent that the underlined provisions are in irreconcilable conflict. Article 2922e of Vernon's Civil Statutes which directs the county school board to fill the vacancy in question,

became law in 1925. Section 4 of Article 2774a which directs the remaining members of the Board of Trustees of the rural school district to fill such vacancy, became law in 1930. In Whittenberg v. Craven, 258 S.W. 152 (Com. App., 1924), the Court stated:

> ". . . In the construction of a particular statute or in the interpretation of its provisions, all acts relating to the same subject, or having the same general purpose, should be read in connection with it, as together constituting one law. Such statutes, being in pari materia, and relating to the same subject, are to be taken together and so construed, in reference to each other, as that, if practicable, effect may be given to the entire provisions of each. The object of the rule is to ascertain and carry into effect the intention of the Legislature, and it proceeds upon the supposition that the several statutes relating to one subject were governed by one spirit and policy, and were intended to be consistent and harmonious in their several parts and provisions. If they cannot be construed so as to be consistent and harmonious in their several parts and provisions, then either the hypothesis that they relate to the same subject must be abandoned or else the later statute, in so far as it cannot be reconciled and made consistent and harmonious with the earlier, will be construed as repealing those provisions of the earlier statute between which and the provisions of the later statute irreconcilable repugnancy exists. . . ."

As indicated in your letter, the subject question was previously discussed in Attorney General's Opinion O-2230, dated April 20, 1940, wherein the opinion was expressed that the provision in question contained in Section 4 of Article 2774a by necessary implication repealed the provision in question contained in Article 2922e. In view of the foregoing, it is our opinion that the provision of Section 4 of Article 2774a relative to the appointment of a successor trustee repealed by necessary implication the provision of Article 2922e relative to such appointment. Section 4 of 2774a represents the last expression of the intention of the Legislature and must prevail over said provision in Article 2922e since both provisions cannot stand.

Mr. Richard E. Rudeloff, Page 4 (WW-966)

### S U M M A R Y

The remaining members of the Board of
Trustees of the Skidmore-Tynan Rural High
School District, and not the county school
board, should make the appointment to fill
the vacancy created by the death of a
trustee of such rural school district.

Yours very truly,

WILL WILSON
Attorney General of Texas

By

Joe B. McMaster
Assistant


JBM:mm

APPROVED:

OPINION COMMITTEE
W. V. Geppert, Chairman

Glenn R. Brown
Joe R. Carroll
W. Ray Scruggs
Iola B. Wilcox

REVIEWED FOR THE ATTORNEY GENERAL

BY: Leonard Passmore